# EXHIBIT A

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

FILED IN OFFICE
NOV 09 2010
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

Brian T. Hughes,
Nicole Hughes

PLAINTIFFS,

Vs.

CASE NO. 2010CV193128

Federal National Mortgage Association,
Litton Loan Servicing, LP.

DEFENDANTS,

**VERIFIED EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND COMPLAINT FOR DAMAGES IN WRONGFUL FORECLOSURE**

COMES NOW, Bryan T. Hughes and Nicole Hughes ("QSSI") and files this ***Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction*** pursuant to Uniform Superior Court Rules 6.7, O.C.G.A. §9-11-65(b), and O.C.G.A. §23-2-91(2) against the listed Federal National Mortgage Association and action for Wrongful Foreclosure against Defendant Litton Loan Servicing.

**PARTIES TO THE ACTION**

1. Defendant Litton Loan Servicing, LP, (Litton) is, and at all times herein mentioned, a Foreign Corporation authorized to do business in the State of Georgia and may be served upon its registered agent, Corporation Service Company 40 Technology Pkwy South #300, Norcross, Georgia 30092.

2. Defendant Federal National Mortgage Association (Fannie Mae), is, and at all times mentioned herein authorized to do business in the State of Georgia

## BRIEF BACKGROUND

3. On March 5, 2010, being in arrears on the mortgage on their property located at 6390 Grey Fox Way, Riverdale, GA 30295. Plaintiffs reached an agreement with the servicer of that mortgage, Litton, to make regular payments as well as that portion in arrears in order clear up the arrearage on the home.

4. The agreement attached hereto as Exhibit "A' called for the Plaintiffs to make a payment of $ 1840.45 On April 15, 20010, and every month thereafter until the arrearage is paid.

5. Plaintiffs made the payment as proscribed.

6. The check was encoded by the Defendant Litton at an amount $10,000.00 more than the amount proscribed and submitted to the Plaintiffs' bank account for payment. (Check attached as Exhibit "B").

7. The check being coded more that the amount available in the account, the check was rejected by the bank.

8. The Plaintiff's were not notified by the servicer that the check had been returned.

9. The servicer then apparently accelerated the loan without notice to the Plaintiffs' and apparently began foreclosure procedures.

10. Plaintiffs received no further correspondence from the Defendant Litton.

11. Plaintiffs sent remaining checks to the servicer according to the payment schedule. Said checks were not cashed nor did Plaintiffs receive anything from the Litton.

12. Plaintiffs did not receive any notice regarding the foreclosure of the property.

13. Plaintiffs were not properly served with notice of foreclosure of the property or notice of any way to cure the default alleged.

14. On or about August, 2010 Litton conducted a foreclosure sale and recorded said deed in the Office of the Clerk of Fulton Superior Court.

15. The Sale was wrongfully conducted and the deed of foreclosure was wrongfully recorded as Plaintiffs were not in default with their payment obligations or any other obligation on the note at the time the foreclosure was initiated and the Sale conducted.

16. Plaintiff's only learned of the foreclosure after the Sale was conducted.

17. Based upon information and belief the Sale was also invalid because there was no default on the part of the Plaintiffs and Plaintiff's were not given notice of foreclosure resulting in an invalid foreclosure sale.

18. Defendant Litton apparently transferred the property to Defendant Fannie Mae the same day as part of the same transaction of foreclosure.

19. Defendant Fannie Mae seeks to evict the Plaintiffs from the property. Plaintiffs are prepared to provide the amount of payments in arrears and monthly payments until this case is decided.

## MEMORANDUM OF LAW IN SUPPORT OF TRO and/or PRELIMINARY INJUNCTION

Plaintiffs incorporate fully and by this specific reference statements in paragraphs 1 through 19 of this Petition/Complaint as if stated fully herein.

"A motion for interlocutory injunction or a TRO is an extraordinary motion, which is time sensitive, unlike other motions, because it seeks to preserve the status quo until a full hearing can be held to avoid irreparable harm." Focus Entertainment International, Inc., v. Partridge Greene, Inc. (253 Ga. App. 121) (558 SE2d 440) (2001).

Plaintiff has made a showing that without an Emergency Order granting a Temporary Restraining Order or Preliminary Injunction, Plaintiff will be irreparably harmed. Further, Plaintiff's Petition is Verified, O.C.G.A.. §9-11-65 allows the Court to grant such Orders without notice to opposition in certain circumstances. O.C.G.A. §9-11-65(b) Temporary restraining order; when granted without notice; duration; hearing;

application to dissolve or modify. "A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if: (1) It clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition; and (2) ... certifies to the court, in writing, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required."

**FIRST CAUSE OF ACTION**

**TO SET ASIDE FORECLOSURE SALE**

20. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 19, inclusive, as though fully set forth herein.

21. The Foreclosing Defendants never had the legal authority to foreclose, i.e., the authority to exercise the power of sale because the Plaintiff' were not in default and the Plaintiff's were not given notice of acceleration or foreclosure resulting in the non-judicial foreclosure sale being void ab initio.

22. Moreover, Plaintiffs were actively prevented from making the loan permanent.

23. Accordingly, Plaintiffs hereby request an order of this Court that the Sale was irregular in that it was legally void and conducted without any right or privilege by the Foreclosing Defendants.

**SECOND CAUSE OF ACTION**

**TO VOID OR CANCEL FORCLOSING DEED**

24. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 23, inclusive, as though fully set forth herein.

25. Although the deed upon sale appears valid on its face, it is invalid, and of no force and effect, for the reasons set forth above.

26. Plaintiffs are therefore entitled to an order that the Deed upon Sale is void ab initio and cancelling such Deed.

**THIRD CAUSE OF ACTION**

**WRONGFUL FORECLOSURE**

27. Although Plaintiffs were in complete or substantial compliance with the agreement entered into with the Defendant, agreed and cured any alleged default, the Defendant refused to honor the agreement by failing to properly cash the funds forwarded by the Plaintiffs. The Foreclosing Defendant did not explore options with Plaintiffs to avoid foreclosure. Additionally, Litton did not give the Plaintiff proper Notice of Foreclosure prior to foreclosing. Accordingly, the Foreclosing Defendant did not fulfill its legal obligation to Plaintiffs.

28. Thus, the Foreclosing Defendants engaged in a fraudulent foreclosure of the Subject Property in that the Foreclosing Defendants did not have the legal authority to foreclose on the Subject Property and, alternatively, if they had the legal authority, they failed to comply with proper foreclosing procedure.

29. As a result of the above alleged wrongs, Plaintiffs have suffered general and special damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION FOR**

**BREACH OF CONTRACT**

30. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. Plaintiffs' forbearance agreement set forth dates by which monthly payments were to be made.

32. The Foreclosing Defendants breached the agreement by failing to accept the payments made by Plaintiffs eventually foreclosing on the Subject Property.

33. As a proximate result of Defendants' breaches, Plaintiffs have suffered compensatory damages in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION FOR**

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment against the Defendant and each of them, as follows:

1. GRANT an Emergency Temporary Restraining Order and/or Preliminary Injunction preventing Fannie Mae from evicting the Plaintiffs from the property in question until such time as it has been determined that the foreclosure was improperly conducted.

2. For a declaration of the rights and duties of the parties, specifically that the foreclosure of Plaintiffs' residence was wrongful.

3. For issuance of an Order canceling all Deed upon Sale.

4. To vacate the Deed upon Sale.

5. To vacate and set aside the foreclosure sale.

6. For compensatory, special, general and punitive damages according to proof against all Defendants.

7. For civil penalties pursuant to statute, restitution, injunctive relief and reasonable attorneys fees according to proof.

8. For reasonable costs of suit and such other and further relief as the Court deems proper.

Respectfully submitted this November 9, 2010

Wendel L. Bowie, Attorney for the Plaintiffs
State Bar No. 071763

Wendel L. Bowie, Attorney, LLC
1718 Peachtree Street, Ste. 195
Atlanta, Georgia 30309
Phone: 404-892-7224
Fax: 404-892-7226

VERIFICATION

Personally appeared before me the undersigned notary public, duly authorized in the State of Georgia to administer oaths, Bryan Hughes, who being duly sworn, deposes and states that he is the Petitioner in the foregoing action and that the facts contained in the attached Petition is true and correct to the best of his knowledge, information and belief.

This November 9, 2010

Bryan Hughes

Sworn and subscribed before me this
November 9, 2010

Notary Public

ANASTASI BOWE
MY COMMISSION EXPIRES
MAR
5
2013
DEKALB COUNTY, GEORGIA
NOTARY PUBLIC

Exhibit "A"

3/5

LLS Litton Loan Servicing®

4828 Loop Central Drive
Houston, TX 77081
Telephone (800) 999-8501
Fax (713) 966-8936
www.littonloan.com

Hours of Operation (CST)
Mon.: 8 a.m. - 7 p.m.
Tues. - Thurs.: 8 a.m. - 8 p.m.
Fri.: 9 a.m. - 5 p.m.
Sat.: 8 a.m. - 12 p.m.

2/24/2010

BRYAN HUGHES
6390 GREY FOX WAY
RIVERDALE, GA 30296-2330

## REPAYMENT PLAN AGREEMENT

Re: Loan #: 19548957
Property: 6390 Grey Fox Way
Riverdale, GA 30296

Dear Mortgagor(s):

Litton Loan Servicing LP ("Litton") has agreed to negotiate a temporary Repayment Plan ("Plan") with you based on your current financial situation. As of 2/24/2010, the loan is due for the 1/1/2010 installment.

| | |
|---|---|
| $3,195.16: | Total amount owed for delinquent installments and, if applicable, late charges, non-sufficient funds fees, and servicer advances. |
| $0.00: | Servicer advances in the total above may include attorney fees and costs, property preservation expenses, inspections, and other expenses. |

Any uncollected and unbilled advances that you owe as of the date this Plan is approved will remain due upon completion of this temporary Plan.

If you choose to accept this Plan, you must sign and return this Repayment Plan Agreement ("Agreement") immediately to:

Litton Loan Servicing LP
Attention: Default Administration Department
4828 Loop Central Drive
Houston, TX 77081

LITTON LOAN SERVICING LP IS A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

IF YOU ARE NOT OBLIGATED ON THE DEBT OR IF THE DEBT HAS BEEN DISCHARGED IN A BANKRUPTCY PROCEEDING, THIS IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO ASSESS OR COLLECT THE DEBT FROM YOU PERSONALLY.

MORTGAGOR(S) INITIALS
BH

Loan: 19548957

To make this Agreement effective we must have two items:

1. This signed Repayment Plan Agreement.
2. The amount of the down payment as indicated below.

If we do not receive both items, this Plan will be deemed null and void.

In lieu of mailing this Agreement, you may fax it to (713) 966-8936. If you fax the signed Agreement, you agree that your facsimile signature indicates your acceptance of the Plan. If you email the signed Agreement to Litton, you hereby accept the terms of the Plan.

Certified funds in the form of a cashier's check, money order, or Western Union Quick Collect for the down payment amount of $1,432.30 must be received in our office by 3/5/2010. The funds received each month under the Agreement that are in excess of a full monthly installment under your original note will be placed in your partial payment account where excess funds are held. These funds will be applied to the total amount due on your account. Your Plan schedule is indicated below:

| Plan Due Date | Amount |
|---|---|
| 4/5/2010 | $1,840.45 |
| 5/5/2010 | $1,840.45 |
| 6/5/2010 | $1,840.45 |
| 7/5/2010 | $1,840.45 |
| 8/5/2010 | $1,840.45 |

Each payment must be received on or before the designated plan due date. There is no grace period. If a payment is not received by the plan due date in the form of a cashier's check, money order, or Western Union Quick Collect, the loan will be deemed to be in material default of the Agreement and Litton will have the right to proceed with foreclosure action. Litton is not required to give any notice of default.

Litton will continue to report account status to the credit bureaus based upon your original loan documents. Until your loan is brought current with all arrearages satisfied, your loan will be reported as past due. Any past history reported will not be altered, erased, or changed.

You will continue to receive telephone calls and demand letters. Late charges will accrue until the loan is brought current.

When making your last payment on 8/5/2010, please contact our office at (800) 999-8501. **If any outstanding receivables are due or become due as a result of your default that were not known at the onset of this Agreement, they will remain due upon completion of this Agreement.**

If you file bankruptcy during the course of this Agreement, this Agreement may be deemed null and void.

Litton may find it necessary to increase your regular monthly payments during this Plan to cover escrow disbursements or increases due to an adjustable rate mortgage, if applicable. If a payment change becomes effective during the period of this Agreement, please adjust your payments accordingly or this Agreement will not bring your loan current.

MORTGAGOR(S) INITIALS BH

Loan: 19548957

Should you have questions, please contact our Default Administration Department at (800) 999-8501.

Sincerely,

Default Administration Department

I/We agree to and accept the terms of this Repayment Plan.

Bryan Hughes

3-3-10
Date



0700.0057.07070816053

2231613981

# Exhibit "B"



Bank of America

MyAccess Checking - 0389 : Check Image

**Check Image:**


BRYAN T. HUGHES
NICOLE SCOTT-HUGHES
6107154184
421 WYNTHROPE AVENUE APT 421
RIVERDALE, GA 30274

64-5-610 1503

4/12/ 2010

Pay to the order of Litton Loan Servicing LP $ 1,840.45

One Thousand Eighteen hundred Forty 45/100 Dollars

BANK OF AMERICA
ACH R/T 061000052

19548957

APR 20 2010

For Moeg

⑆061000052⑆ 003343340389⑈ 1503 ⑈0000184045⑈

Bank of America

**MyAccess Checking - 0389 : Transaction Details**

**Transaction Details:**

**Description:** LITTON LOCK BOX DES:MTGE PYMT CHECK #:1503 INDN:01054895? CO ID:9012

**Posting date:** 04/16/2010

**Amount:** $11,840.45

**Type:** ACH Debit

**Account number:** MyAccess Checking-0389

**Additional Details:**

**My Description:**

ATTENTION
INGRID DROUCO

Bank of America

**MyAccess Checking - 0389 : Transaction Details**

**Transaction Details:**

**Description:** LITTON LOCK BOX DES:MTGE PYMT CHECK #:1786 INDN:019548957 CO ID:9012

**Posting date:** 01/29/2010

**Amount:** $1,456.00

**Type:** ACH Debit

**Account number:** MyAccess Checking-0389

**Additional Details:**

**My Description:**